**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CHARLEY HUGHES,**

    **Plaintiff,**

    v.                                          **CASE NO. 18-3025-SAC**

**TROY ROBINSON, et al.,**

    **Defendants.**

**MEMORANDUM AND ORDER**
**AND ORDER TO SHOW CAUSE**

Plaintiff Charley Hughes is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this case should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff alleges that the following occurred while he was an inmate at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). Plaintiff alleges that Defendants conspired to deem the NABPP ("New Afrikan Black Panther Party") a security threat group ("STG"). Plaintiff alleges that he, along with several other inmates, was taken to segregation on July 24, 2017, under investigation for STG activities. Plaintiff alleges that the inmates marched into the building in a military fashion, putting their fist in the air while stating: "Dare to Struggle! Dare to Win! All Power to the People! By any Means Necessary!" The inmates were released back to general population a week later, and received write-ups from Defendant Robinson for the marching incident.

1

Plaintiff alleges that on August 9, 2017, the inmates' cells were searched by Defendant Robinson and an unknown SST member. All of Plaintiff's political books and other literature were confiscated and deemed STG material.

Plaintiff alleges that the inmates were found guilty by the hearing officer and returned to segregation. Plaintiff alleges that Defendant Schnurr conspired with Defendant Robinson, and Defendant Nickles failed to prevent the wrongs allegedly committed by Robinson. Plaintiff alleges that Defendant Norwood denied Plaintiff's DR appeal.

Plaintiff seeks $50,000 in compensatory damages, $5,000 in punitive damages, and a preliminary injunction allowing the NABPP to function as a political/social organization without being labeled an STG. Plaintiff names as Defendants: Troy Robinson, EAI at HCF; Dan Schnurr, HCF Warden; Mike Nickles, UTM at HCF; and Joe Norwood, Secretary of Corrections, KDOC. Plaintiff sues all Defendants in their individual capacities.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court

liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*,

561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. NABPP's STG Designation

Plaintiff takes issue with HCF staff labeling the NABPP as a STG. Plaintiff filed a previous action in this Court dealing with the censorship of NABPP publications. *See Hughes v. Bos*, Case No. 15-3158-EFM-GEB. In that case, the Court granted Defendants Bos and Shipman's motion for summary judgment, finding that they were entitled to qualified immunity. *Id*. at Doc. 62. In the Memorandum and Order, the Court found that:

> The censored mail item describes the formation and theories behind the New Afrikan Black Panther Party. This group is a known security threat group. While Plaintiff attempts to show that this party only relates to political or sociological ideologies, the evidence does not support this assertion. Indeed, Plaintiff's own evidence states that the party actively recruits former white supremacists. In addition, Defendant Burris has testified that the New Afrikan Black Panther Party is a "separatist group that is considered a threat group in correctional facilities" and is recognized as "an extremist hate group by the Southern Poverty Law Center." The Seventh Circuit has also discussed how the New Afrikan Black Panther Party "claims descent from the original Black Panthers and like its predecessor both advocates and practices violence."

4

*Id*. at Doc. 62, p. 13–14 (citing *Toston v. Thurmer*, 689 F.3d 828, 830 (7th Cir. 2012)).

Plaintiff is directed to show cause why he should not be collaterally estopped from raising his claims regarding the NABPP's designation as a STG. "Collateral estoppel, or issue preclusion, is available in actions under § 1983." *Williams v. Henderson*, 626 F. App'x 761, 763 (10th Cir. 2015) (unpublished) (citing *Allen v. McCurry*, 449 U.S. 90 (1980)). "The doctrine applies when (1) the issue previously decided is identical with the one presented in the current action; (2) the prior action was finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior litigation, and (4) the party against whom the doctrine is invoked had a full and fair opportunity to litigate the issue in the prior action." *Id*. (citing *Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009)); *see Sibert v. Phelan*, 901 F. Supp. 183, 187 (D.N.J. 1995) (finding issue preclusion appropriate where judge previously decided issue on suppression motion); *see also Searing v. Hayes*, 684 F.2d 694 (10th Cir. 1982); *see also Jackson v. Loftis*, 189 F. App'x 775, 779, n.3 (10th Cir. 2006) (unpublished) (noting that many cases reflect the basic notion that a conviction, by plea or trial, that establishes probable cause for arrest is conclusive on the issue in later civil rights litigation).

### *2. Conspiracy Claim*

Plaintiff's conclusory allegation of a conspiracy is insufficient to state a claim. A conspiracy claim under § 1983 requires the allegation of "specific facts showing an agreement and concerted action among the defendants." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998). In addition, a plaintiff must allege facts showing an actual deprivation of a constitutional right. *See Thompson v. City of Lawrence*, 58 F.3d 1511, 1517 (10th Cir. 1995) (to prevail on a section 1983 conspiracy claim, plaintiff "must prove both the existence of a conspiracy and the deprivation of a constitutional right").

Plaintiff's conspiracy claim is subject to dismissal for failure to allege adequate facts to establish the elements of this claim. As noted, to state a claim of conspiracy, a plaintiff must allege facts showing both an agreement and an actual deprivation of a constitutional right. *See Thompson*, 58 F.3d at 1517. Plaintiff's Complaint does neither. Even though Plaintiff's allegations are accepted as true on initial review, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555. Plaintiff's Complaint asserts conclusory and speculative claims of conspiracy with no supporting factual allegations. Such bald assertions fail to state a viable claim for relief. *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) (per curiam) ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.").

### *3. Damages*

Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff's request for compensatory damages is subject to dismissal.

Plaintiffs also seeks punitive damages, which are available in a § 1983 lawsuit. However, they "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles*, 251 F.3d at 879 (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts

whatsoever establishing that any defendant acted with a sufficiently culpable state of mind. Plaintiffs' request for punitive damages is subject to dismissal.

### IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **June 25, 2018,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 25th day of May, 2018.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**
