IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLEY HUGHES,

      Plaintiff,

      v.                        CASE NO.  18-3025-SAC

TROY ROBINSON, et al.,

      Defendants.


## MEMORANDUM AND ORDER

Plaintiff filed this civil rights action alleging that Defendants conspired to deem the NABPP ("New Afrikan Black Panther Party") a security threat group ("STG").  Plaintiff alleges that he, along with several other inmates, was taken to segregation on July 24, 2017, under investigation for STG activities.  Plaintiff alleges that the inmates marched into the building in a military fashion, putting their fist in the air while stating: "Dare to Struggle! Dare to Win! All Power to the People!  By any Means Necessary!"  The inmates were released back to general population a week later, and received write-ups from Defendant Robinson for the marching incident.  Plaintiff alleges that on August 9, 2017, the inmates' cells were searched by Defendant Robinson and an unknown SST member.  All of Plaintiff's political books and other literature were confiscated and deemed STG material.  Plaintiff alleges that the inmates were found guilty by the hearing officer and returned to segregation.  Plaintiff alleges that Defendant Schnurr conspired with Defendant Robinson, and Defendant Nickles failed to prevent the wrongs allegedly committed by Robinson.  Plaintiff alleges that Defendant Norwood denied Plaintiff's DR appeal.

On May 25, 2018, the Court entered a Memorandum and Order and Order to Shaw Cause

(Doc. 8) ("MOSC"), directing Plaintiff to show good cause by June 25, 2018, why his Complaint should not be dismissed for the reasons stated in the MOSC.  In the MOSC, the Court noted that Plaintiff filed a previous action in this Court dealing with the censorship of NABPP publications. *See Hughes v. Bos*, Case No. 15-3158-EFM-GEB.   Based on the ruling in that case, the Court directed Plaintiff to show cause why he should not be collaterally estopped from raising his claims regarding the NABPP's designation as a STG.  The Court also found in the MOSC that Plaintiff's conclusory allegation of a conspiracy is insufficient to state a claim and is subject to dismissal for failure to allege adequate facts to establish the elements of this claim.  The MOSC found that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury; and Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind.

Plaintiff has failed to respond within the allowed time and the Court finds that this matter should be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 27th day of June, 2018.**


**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**